**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

UNITED STATES OF AMERICA

-vs-

Case No. 00-6080-CR

JACK ROUCHON

---

## MOTION FOR A DOWNWARD DEPARTURE

A motion for a downward departure from the sentencing guidelines is respectfully requested. This motion is predicated upon the notion that there is nothing within the established sentencing guidelines that address the very unique and heartbreaking situation that the defendant was in when committing his crime. The facts in this case are dramatically outside of the perimeters usually established by the "heartland" of cases.

The defendant illegally entered into this country in order to be with his family. The "criminal act" was done out of nothing more than love. It was a crime of necessity. The defendant was a "hop, skip and a jump" from his wife and ailing young daughter.

A main contributor towards this scenario is the currently inequitable and illogical state of the U.S. immigration laws. The defendant was deported to a place where he had **zero** ties to. He was born in the Bahamas however, he was never raised there. Most of his family lives in South Florida and his ties were completely severed


34

from the Bahamian nation when the defendant was a baby. The draconian nature of the "Anti-Terrorism" act created a preposterous result when Mr. Rouchon was deported. The Bahamas did not even want to allow the defendant into their country when Rochon was in immigration custody!

Jack Rochon was forcibly placed into in a very small country (which more resembles a township. He was sent to Nassua), where he had no cultural identity, no job, no relatives, no friends, no place to live, and no future while at the same time his handicapped daughter and mother were seriously ill in Florida. Although the defendant committed a crime, it was nonetheless the logical and moral thing to do. Who would not "scale walls" in order to be to be with their children or mother?

It is easy to take the position that the defendant should have initiated steps, while in Nassau, to relocate his family to Canada. This posture however, would have not been a pragmatic viewpoint because while the defendant was in the Bahamas, he was a **homeless person**. He did not have the wherewithal to coordinate any type of move to another country. In addition, his daughter's medical condition precluded travel.

There are three very legitimate reasons for a downward departure from the sentencing guidelines.

1) **5K2.0** - There is nothing in the published sentencing guidelines

that addresses this highly unusual situation. Since the decision to depart rests within the sentencing court on a case-specific basis, the gut-wrenching dilemma that the defendant had to go through should be scrutinized by this honorable court. The facts of this case are certainly unusual enough in order to fall within the permissive perimeters of **Koon v. United States** 518 U.S. 81 (1986).

2) Lesser Harms under 5K2.11 - The defendant illegally entered into this country in order to avoid his own perceived greater harm which would be lack of paternity for his sick child. The child needed to be provided for both financially and emotionally. It is a sin to abandon a child and therefore the defendants's actions were a perceived lesser of two evils. Since the interest in punishment or deterrence should be reduced, a reduction in the sentence should also be warranted.

3) Coercion and Duress under 5K2.12- Since a downward departure can arise from the consequences of a natural emergency, then the actions of the defendant, under the intense pressure that he had from his daughters's handicap, can be considered an act under extreme coercion.

   It is respectfully requested of this honorable court to reduce the guideline level from 21 to a level 8. A reduction to this level will eliminate the necessity of a prison sentence and put Jack Rouchon into a situation where the defendant will be transferred directly into immigration custody. It is the intention of Jack

Rochon and his wife to move to Canada.

It is hard to envision that the United States Bureau of Prisons exists in order to incarcerate a person that is placed into such a dire situation as Jack Rouchon was in. This situation is no different than a father stealing a loaf of bread in order to feed his family.

Respectfully submitted,

SCOTT B. SAUL, ESQUIRE
1351 N.W. 16TH STREET
MIAMI, FL 33125
(305) 326-9901
FBN 717525

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document as forwarded to AUSA Scott Behnke and U.S. Probation Officer Dedra Pratt, by telecopy, on this October 17th, 2000.

SCOTT B. SAUL, ESQUIRE
FAN 717525